# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN HORSEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-18-3130 |
| CHESAPEAKE DETENTION FACILITY,[1] | * | |
| Defendant | * | |

***

## MEMORANDUM

Plaintiff Kevin Horsey filed the above-captioned civil rights action alleging that he was injured by a misplaced power tool while he was a pretrial detainee at defendant Chesapeake Detention Facility ("CDF"). Defendant has filed a Motion to Dismiss. ECF No. 10. Although Plaintiff was informed of his right to file a response, ECF No. 11, he has not filed a response. The matter is now ripe for review. The court finds a hearing in these matters is unnecessary. *See* Local Rule 105.6. For the reasons that follow, defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff Kevin Horsey filed this complaint on September 24, 2018, while he was a pretrial detainee. Horsey states that, on or about June 10, 2018, he was transferred from his cell for several days while air conditioning was installed. ECF No. 1 at pp. 2–3. Upon Horsey's return to his cell on June 15, 2018, he tried to place his television "on the top shelf" but faced physical resistance; "not thinking what could be up there[, Horsey] began to push harder and before [he] knew it a powertool came off the shelf knocking [him] to the floor in and out of cons[ciousness]." *Id.* at p. 3. He alleges that he was dizzy and unable to see clearly and could barely walk. *Id.*

---

[1] The Clerk is directed to amend the docket to reflect the proper spelling of Defendant's name.

1

Horsey states that officers took him to the medical department, where he was examined. *Id.* at pp. 3–4. At the medical department, Horsey was informed that he "needed to be approved for further medical treatment" and then he was "return[ed] back to the Ches[a]peake Detention Facility without any medication to cope with [the] pain." *Id.* at p. 4. Later, a doctor at CDF recommended that Horsey undergo a CT scan, which Horsey received. *Id.*

Horsey states that he continues to suffer from problems arising out of the injury, including headaches, mood swings, and occasional hand tremors, and also states that his "speech [is] off," though he does not further specify the speech problem. *Id.* He reports that he has filed numerous inmate grievances and has not received an answer concerning his "issue." *Id.* Horsey seeks monetary damages "for suffering from high levels of physical and psychological stress, health issues, falsely accused, medical bills, pain and suffering, neglect," and loss of wages. *Id.*

## DISCUSSION

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (internal citation omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need

"detailed factual allegations" to survive a motion to dismiss. *Id.* at 555 (internal citation omitted). Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (internal citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Horsey does not articulate the nature of his claims or otherwise specify a federal cause of action. As a result, the Court will construe the complaint as presenting claims that defendant violated his constitutional rights pursuant to 42 U.S.C. § 1983. A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief[.]" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As CDF correctly notes, it is not a "person" subject to suit under 42 U.S.C. § 1983. Moreover, as an arm of the State, CDF is immune from suit under the Eleventh Amendment to the United States Constitution. Pursuant to the Eleventh Amendment, a state, its agencies and

departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (internal citations omitted). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (internal citations omitted). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Horsey's complaint against CDF, an arm of the State, is barred by the Eleventh Amendment.

Moreover, even if Horsey had named a person as a defendant, his allegations fail to state a claim. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (internal citations omitted); *see also King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016) (internal citation omitted). It protects the rights of postconviction detainees. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). However, the Due Process Clause of the Fourteenth Amendment to the United States Constitution protects the rights of pretrial detainees like Horsey. *Hill v. Nicodemus*, 979 F.2d 987, 990–91 (4th Cir. 1992) (internal citations omitted). "Due process rights of a pretrial detainee are *at least* as great as the eighth amendment protections available to the convicted prisoner." *Id.* at 991 (4th Cir. 1992) (internal citation and quotation marks omitted) (emphasis in original). The question is whether the conditions amount to punishment of the pretrial detainee, because due process proscribes punishment of a detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (internal citations omitted). However, "not every

inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (internal citation omitted).

Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish a claim for cruel and unusual punishment due to conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted).

To meet the first prong, a plaintiff must allege facts showing that the condition complained of caused a "sufficiently serious" deprivation of a basic human need. *Id.* . "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal citation omitted). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrat[ion of] a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003). A plaintiff bears the burden of alleging facts sufficient to show that the conditions of his confinement were so grave that they violated contemporary standards of decency and resulted in significant physical or emotional injury. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal citations omitted); *Strickler v. Waters*, 989 F.2d 1375, 1379-81 (4th Cir. 1993) (internal citations omitted).

To meet the second prong, a plaintiff must allege facts sufficient to show that the defendant knew of circumstances from which an inference could be drawn that a "substantial risk of serious harm" was posed to plaintiff's health and safety, that the defendant drew that inference, and that the defendant disregarded the risk posed. *Farmer*, 511 U.S. at 837. Eighth Amendment liability "'must involve more than ordinary lack of due care for the prisoner's interests or safety ... It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause ...'" *Wilson*, 501 U.S. at 299 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (emphasis in original). "In other words, the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (internal quotation marks and citation omitted).

Horsey has failed to make the necessary showing. He does not allege that the power tool was knowingly left in his cell or that correctional officers were even aware of the problem. At most, he is alleging that correctional officers were negligent in failing to realize that a power tool had been left behind, but negligence can not form the basis of a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). To the extent that Horsey is alleging a tort action for negligence, that is a state law claim over which this Court declines to extend supplemental jurisdiction. *See* 28 U.S.C. § 1367; *see also* 28 U.S.C. § 1332 (explaining the requirements for subject matter jurisdiction based on diversity, which are not met here given Horsey's statement that he is a resident of Maryland, *see* ECF No. 1 at p. 7). If he desires, Horsey may pursue such an action in state court.

Finally, the Court notes that this decision does not bar Horsey from filing a § 1983 claim

6

alleging deliberate indifference to his medical needs in the future against an appropriate defendant. Horsey's complaint hints at the possibility that he is making such a claim, but provides insufficient detail and implicates no proper defendant which would allow the Court to conduct an adequate evaluation. Likewise, to the extent that Horsey is also attempting to make some challenge to the constitutionality of his arrest and charges, *see* ECF No. 1 at p. 4 (seeking compensation for, *intra alia*, being "falsely accused"), he can also do that via a separate action, though the court notes the unlikelihood of success for such a claim given that Horsey has entered a guilty plea to a charge forming the basis of his confinement at CDF. *United States v. Horsey*, No. GLR-16-0453-9, ECF Nos. 599, 607; *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a 42 U.S.C. § 1983 suit for monetary damages is barred if success on the claim would necessarily require the plaintiff to prove that his conviction was unlawful).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. A separate Order follows.

___4-18-19___  
Date

___/s/___  
Catherine C. Blake  
United States District Judge